MICHAEL B. GOLDSTEIN – SBN 164250
MICHAEL B. GOLDSTEIN, ALC
4640 Admiralty Way, Suite 800
Marina Del Rey, CA 90292
Tel: (323) 651-0125 / Fax: (323) 651-5622
Email: mgoldstein@mbglawyers.com
Email: andrewle@mbglawyers.com

Attorneys for Plaintiffs
**DYLAN KAUFMAN** and **DAWN PAXSON**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN KAUFMAN, an individual; DAWN PAXSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. <br><br> Judge: <br><br> **COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT** |

COMES NOW the plaintiffs DYLAN KAUFMAN ("Dylan Kaufman") and DAWN PAXSON ("Dawn Paxson"), for their complaint against the defendant UNITED STATES OF AMERICA ("Defendant"), allege and complain as follows:

## **INTRODUCTION**

1. This is an action against the UNITED STATES OF AMERICA ("Defendant") under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et. seq.* and 28 U.S.C. § 1346(b)(1), for negligence and loss of consortium in connection with a United States Postal Service ("USPS") vehicle crashing into Dylan Kaufman while Dylan Kaufman was lawfully riding his bicycle on a public roadway at or about the intersection of Euclid Avenue and Hilgard Avenue in Berkley, California.

2. The claims herein are brought against Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et. seq.* and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Dylan Kaufman asserts a negligence claim against Defendant arising out of a vehicle versus bicycle collision that occurred on or about January 14, 2021. The first claim is that Defendant negligently owned, operated, maintained, loaned, entrusted, inspected, repaired, managed, and/or otherwise is liable as a result of the actions and/or inactions of Jigme Dorjee, who was driving a large USPS van in the course and scope of employment with the USPS when he struck Dylan Kaufman's person and bicycle. Dylan Kaufman's wife, Dawn Paxson, asserts her own separate claim for loss of consortium as to Dylan Kaufman's claim of negligence against Defendant.

4. Plaintiffs Dylan Kaufman and Dawn Paxson have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Plaintiffs' claims were served on the appropriate agency of the Defendant, namely the United States Postal Service (USPS) on November 30, 2021, less than two years after the incident forming the basis of this suit.

5. The United States Postal Service (USPS) failed to respond to Plaintiffs' claims; consequently, Plaintiffs' claims were denied by operation of law.

6. This suit has been timely filed.

### THE PARTIES

7. Plaintiff Dylan Kaufman is, and at all times relevant hereto was, an adult male natural person and resident of Los Angeles County, State of California.

8. Plaintiff Dawn Paxson is, and at all times relevant hereto was, an adult female natural person and resident of Los Angeles County, State of California, and was, and still is the spouse of plaintiff Dylan Kaufman.

9. Defendant United States of America, acting through its agency, the United States Postal Service (USPS), provides universal postal services to the nation, serving consumer and commercial customers in the U.S. as well as internationally. Operations of the USPS include an extensive and integrated retail, processing, distribution, transportation, and delivery network throughout the U.S., including its possessions and territories. Among other things, the USPS operates a fleet of mail delivery vehicles utilized by USPS employees in the course and scope of their employment with the USPS to transport mail and packages between various delivery points within the U.S. The vehicle in this case operated by USPS employee Jigme Dorjee was one such vehicle.

10. At all times relevant hereto, the directors, officers, operators, administrators, employees, agents and staff of the USPS were acting within the course and scope of their office or employment, under circumstances where the Defendant, if a private person, would be liable to the plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of California.

## JURISDICTION AND VENUE

11. Jurisdiction is proper pursuant to 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b) in that Plaintiffs reside within this judicial district.

## FACTS

13. Plaintiffs hereby incorporate paragraphs 1-12 of the Complaint as if fully set forth herein at length.

14. On or about January 14, 2021, Plaintiff was lawfully riding his bicycle Southbound on Euclid Avenue towards the intersection of Hilgard Avenue (hereafter, the "Intersection") in Berkley, California. At the Intersection, only Hilgard Avenue is controlled by STOP signs.

15. Mr. Jigme Dorjee, a USPS employee acting within the course and scope of his employment with the USPS was driving a large USPS van Westbound on Hilgard Avenue at the Intersection. As Dylan Kaufman approached the intersection, Jigme Dorjee ran the stop sign and/or failed to yield the Right-Of-Way to Dylan Kaufman's bicycle that was lawfully traveling through the Intersection. As a proximate result of Jigme Dorjee's ignorance of the STOP sign and/or failure to yield the Right-Of-Way to Dylan Kaufman's bicycle, a violent collision occurred.

16. Mr. Jigme Dorjee's running of the STOP sign and/or failure to yield the Right-Of-Way constituted a violation of California Vehicle Code section 21802(a) and was a proximate cause of this loss. California Vehicle section 21802(a) provides:

> "The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop as required by Section 22450 . The driver shall then yield the right-of-way to any vehicles which have approached from another highway, or which are approaching so closely as to constitute an immediate hazard, and shall continue to yield the right-of-way to those vehicles until he or she can proceed with reasonable safety."

17. Mr. Jigme Dorjee's failure to yield the Right-Of-Way also constituted a violation of California Vehicle Code section 22350 and was a proximate cause of this loss. California Vehicle Code section 22350 provides:

> "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

## FIRST CAUSE OF ACTION
## NEGLIGENCE

18. Plaintiffs hereby incorporate paragraphs 1-17 of the Complaint as if fully set forth herein at length.

19. Defendant UNITED STATES OF AMERICA, and/or its management, administrators, supervisors, site managers, risk managers, drivers, maintenance personnel, inspectors and/or other employees, staff, agents, servants, assigns or contractors, officers, directors, and managing agents, acting within the course and scope of their duties, agency, and/or employment, have, and at all times herein mentioned had, a duty to exercise reasonable care with respect to the ownership, management, inspection, operation, maintenance, control, and supervision of the large USPS truck that collided with Dylan Kaufman.

20. Plaintiffs are informed and believe and, based upon such information and belief, alleges that on or about January 14, 2021, at all times mentioned herein, the USPS truck was being driven by Jigme Dorjee in the business of, course of, and scope of employment for the UNITED STATES OF AMERICA's USPS, in a negligent, careless, reckless and/or unlawful manner so as to cause the crash as more fully described herein *supra*.

21. At all times herein mentioned, the USPS truck was under the exclusive control and possession of USPS employee Jigme Dorjee who provided, operated, controlled, improperly adjusted, maintained, inspected, serviced, repaired, and/or drove the USPS truck, when the incident occurred.

22. At the time of the incident, the driver of the USPS truck was an employee of the USPS, an agency of defendant UNITED STATES OF AMERICA, and was acting within the scope of said agency and/or employment when Jigme Dorjee negligently, carelessly, recklessly, wantonly, and/or unlawfully crashed into Dylan Kaufman's bicycle, causing Plaintiffs' harm, so as to make the UNITED

STATES OF AMERICA vicariously liable for such harm to Plaintiffs, in addition to being directly liable for such harm to Plaintiffs.

23. Further, on January 14, 2021, Defendant breached its duties of care by committing negligent, careless, reckless, and/or unlawful acts or omissions in the ownership, operation, management, maintenance, loan, entrustment, inspection, repair, control, and/or direction of the USPS truck driven by Jigme Dorjee, by including but not limited to:

    a. Driving and/or allowing the USPS truck to be driven, operated, and controlled in an improper, imprudent, inattentive, reckless and unskillful manner;

    b. Failing to observe and/or allowing its driver to disregard the rules of the road and the Vehicle Code, including, but not limited to, section 22350;

    c. Failing to observe and/or allowing its driver to disregard the rules ;of the road and Vehicle Code, including, but not limited to, section 21802(a);

    d. Failing to use a degree of care, caution, and prudence in driving, operating, and controlling the USPS truck commensurate with the circumstances and conditions then and there existing, such as the presence of other vehicles, including Dylan Kaufman's bicycle;

    e. Crashing into Dylan Kaufman's bicycle;

    f. Failing to use reasonable care in the hiring, training, evaluation, supervision, and/or retention of driver Jigme Dorjee;

    g. Causing the kind of harm that would not have occurred unless someone was negligent, with a vehicle that only Defendant controlled, and Dylan Kaufman's voluntary actions did not cause or contribute to the events which harmed him (i.e., res ipsa loquitur).

24. The Defendant's negligent acts and omissions proximately caused the USPS truck to collide with Dylan Kaufman's bicycle.

25. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness, and/or unlawfulness of Defendant, and the resulting crash, Plaintiff Dylan Kaufman sustained severe and serious injury to his person, and damage to his personal property, all to Dylan Kaufman's damage in an amount to be proven at trial.

26. By reason of the foregoing, Plaintiff Dylan Kaufman has been required to employ the services of hospitals, physicians, nurses, and other professional services, and Dylan Kaufman has been compelled to incur expenses for medicines, medical imaging, and other medical supplies and services. Plaintiff Dylan Kaufman is informed and believes, and thereon alleges, that further services of said nature will be required by Plaintiff Dylan Kaufman in an amount to be proven at trial.

27. As a direct, legal, and proximate result of the aforesaid negligence by Defendant and its employee, Plaintiff Dylan Kaufman has been prevented from engaging in his usual occupation, thereby sustaining a loss of income and earning capacity, the duration and extent of which is undetermined, and Plaintiff Dylan Kaufman is informed and believes and upon such information and belief alleges that he will be prevented from attending to his said usual occupation for an indefinite period of time in the future and will incur an additional loss of income and earning capacity.

28. As a direct and proximate result of Defendant's negligence, Plaintiff Dylan Kaufman sustained extensive economic and non-economic damages, damage to his personal property, physical injuries, past and future hospital and medical expenses, past and future and severe and ongoing emotional distress and mental anguish, and pain and suffering, inconvenience, disability, disfigurement, loss of enjoyment of life, and other such damages, all in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Loss of Consortium)

29. Plaintiffs hereby incorporate paragraphs 1 – 28 of the Complaint as if fully set forth herein at length.

30. At all times relevant herein, plaintiff Dawn Paxson was the lawful spouse of plaintiff Dylan Kaufman and benefited from the love, society, comfort, services, conjugal fellowship, caring, shared responsibility and shared finances of said spouse.

31. By Defendant's acts and omissions as herein described, Defendant legally caused Dawn Paxson to suffer a loss of consortium, in general damages in an amount according to proof at trial.

32. Before being injured, Dylan Kaufman was able to and did perform the duties as a spouse, provided income to the home and assisted Dawn Paxson in the care and management of their home and family matters.

33. As a result of Defendant's negligence, and the injuries that have resulted therefrom, Dylan Kaufman has been unable to perform necessary duties as a spouse. Plaintiff Dawn Paxson is informed and believes that, as a legal result of injuries sustained as described herein, Dylan Kaufman will be unable to perform such work, services and duties in the future.

34. For these reasons, Dawn Paxson has been and will be deprived of the consortium of the injured spouse, including the spouse's necessary duties and support, all to Dawn Paxson's general damage in an amount according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs Dylan Kaufman and Dawn Paxson pray for judgment against Defendant as follows:

(a) Compensatory damages, including damages for the repair and/or replacement of personal property, past and future physical pain and suffering,

mental anguish and emotional distress, disfigurement, disability, medical expenses, loss of enjoyment of life, loss of earning capacity, loss of income, loss of consortium, and any other compensatory damages, for each count alleged in the Complaint;

      (b)    Interest accrued after judgment;

      (c)    Costs of suit;

      (d)    Attorney's fees pursuant to 28 U.S.C. § 2412(b); and

      (e)    Such other and further relief as the Court deems just and proper.

DATED: September 16, 2022        **MICHAEL B. GOLDSTEIN, ALC**

By: /s/ *Michael Goldstein*
      Michael B. Goldstein

Attorneys for Plaintiffs
**DYLAN KAUFMAN** and
**DAWN PAXSON**

COMPLAINT
Case No.:
- 9 –